```
               UNITED STATES DISTRICT COURT
                       FOR THE
                  DISTRICT OF VERMONT
```

Paul L. Murphy,                    :
        Plaintiff,                 :
                                   :
    v.                             :   File No. 1:06-CV-18
                                   :
State of Vermont,                  :
Department of Corrections,         :
        Defendants.                :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
                (Papers 8 and 10)

Plaintiff Paul Murphy, a Vermont inmate proceeding *pro se* and *in forma pauperis*, seeks an order requiring the Vermont Department of Corrections to disclose to an inmate whenever that inmate has been placed at risk of disease by virtue of contact with another person's blood, urine or feces.  The defendants have moved to dismiss on grounds of immunity under the Eleventh Amendment.  Murphy has not responded to the motion.  For the reasons set forth below, I recommend that the defendants' motion to dismiss (Paper 8) be GRANTED, that Murphy's motion "that this be settled in plaintiff's favor" (Paper 10) be DENIED, and that this case be DISMISSED.

### Factual Background

In stating his claim, Murphy poses a hypothetical situation in which an inmate or guard is assaulted "or

placed in any type of situation where a[n] inmate or guard comes in contact with another person's blood for any reason or urine or feces . . . ." (Paper 5 at 3). In such a situation, Murphy argues that there should be a standing Court order allowing that inmate or guard to know if they have been exposed to a communicable disease so that they may "take precautions or receive treatment right away." Id.  The only named defendants are the State of Vermont and the Vermont Department of Corrections.

## Discussion

The Eleventh Amendment provides that: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Supreme Court has consistently held that this amendment prohibits a private party from suing a state in federal court unless Congress unequivocally expresses its intent to abrogate that immunity or a state waives its immunity. See Edelman v. Jordan, 415 U.S. 651 (1974); In re Charter

2

Oak Assocs., 361 F.3d 760, 765 (2d Cir. 2004).  This jurisdictional bar applies "whether the relief sought is legal or equitable," Papasan v. Allain, 478 U.S. 265, 276 (1986), and encompasses actions against the state itself and actions against a state's agencies, agents or instrumentalities.  Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997).  The only exception is if the plaintiff seeks prospective injunctive relief from a specific state officer.  Edelman, 415 U.S. at 677; Huang v. Johnson, 251 F.3d 65, 69-70 (2d Cir. 2001).

   In this case, Murphy is suing the state and a state agency.  It is clear that neither Vermont nor Congress has waived the sovereign immunity that protects these defendants from suit.  There is no indication in 42 U.S.C. § 1983 that Congress intended to abrogate state sovereign immunity, and the Supreme Court has specifically held that Congress did not intend to override well-established immunities such as state sovereign immunity when it enacted § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 67 (1989).  It is equally clear that Vermont has not waived its sovereign immunity under § 1983.  See 12 V.S.A . §

3

5601(g) (Vermont Tort Claims Act reserves Eleventh Amendment immunity for all claims not explicitly waived). Finally, state agencies are not considered "persons" subject to liability under § 1983.  See Will, 491 U.S. at 70.  Consequently, I recommend that Murphy's claims for relief against the State of Vermont and the Vermont Department of Corrections be DISMISSED.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 8) be GRANTED, that Murphy's motion for the case to be settled in his favor (Paper 10) be DENIED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 16th day of October, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).